UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY GENE KILGORE,

    Petitioner,

v.    Case No.:  8:10-cv-1973-T-24TBM
                            8:06-cr-199-T-24MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court upon Petitioner Bobby Gene Kilgore's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. No. 1; Cr. Doc. No. 88). The Government filed a response in opposition to the motion. (Civ. Doc. No. 8). Petitioner filed a reply. (Civ. Doc. No. 11).

**I.**    **Background**

On October 6, 2006, Petitioner pleaded guilty pursuant to a written plea agreement to Count II of the Indictment charging him with distribution of five grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). On January 10, 2007, this Court sentenced Petitioner to 188 months of imprisonment. (Cr. Doc. No. 64 & 65). Petitioner was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1.

On January 19, 2007, Petitioner filed a notice of appeal from the judgment and sentence, challenging only this Court's denial of his request for a mitigating role adjustment. (Cr. Doc.

No. 66; Civ. Doc. No. 8, Attach. A). The Government filed a motion to dismiss Petitioner's appeal based on the appeal waiver clause[1] in his plea agreement. (Civ. Doc. No. 8, Attach. B). Pursuant to the Government's motion, the Eleventh Circuit dismissed Petitioner's appeal on August 22, 2007. (Cr. Doc. No. 81). On September 7, 2010, Petitioner filed the instant section 2255 motion.

## II.     Discussion

Petitioner moves to vacate his conviction and sentence on two grounds: (1) that he is actually innocent of being a career offender; and (2) that he should be re-sentenced in accordance with the Fair Sentencing Act of 2010, which amended the mandatory sentencing for crack cocaine offenses. For the reasons stated, Petitioner's motion is untimely and lacks merit, and therefore must be denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for section 2255 motions, which runs from the latest of the following events:

(1)     the date on which the judgment of conviction becomes final;

---

[1] In his plea agreement, Petitioner waived his right to appeal his sentence as follows:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution.

(Cr. Doc. No. 47 at 12-13) (emphasis in original).

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).  In this case, Petitioner's one year period of limitation for filing his section 2255 motion began to run on the date that his judgment of conviction became final.  *See* § 2255(f)(1).  Because Petitioner did not petition the Supreme Court for certiorari, his judgement of conviction became final on November 20, 2007, ninety days after his appeal was dismissed by the Eleventh Circuit.  *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (holding that "when a prisoner does *not* petition for certiorari, his conviction does not become 'final' for purposes of § 2255[f](1) until the expiration of the 90-day period for seeking certiorari." (emphasis in original)).  Accordingly, Petitioner's deadline for filing his section 2255 motion was November 20, 2008; however, Petitioner did not file the instant motion until September 7, 2010.  As a result, Petitioner's section 2255 motion is untimely and must be denied.

    Petitioner contends that a substantive change in the law occurred with the Supreme Court's March 2, 2010 decision in *Johnson v. United States*, __ U.S.__, 130 S. Ct. 1265 (2010), and therefore, his motion is timely under 28 U.S.C. § 2255(f)(3).  In *Johnson*, the Supreme Court held that the defendant's prior conviction for battery under Florida law was not a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Petitioner contends that the one year period of limitation runs from March 2, 2010, the date the Supreme Court decided

*Johnson*.

Petitioner was sentenced as a career offender based on his prior convictions for battery on a law enforcement officer and possession of cocaine with intent to sell/deliver within 1,000 feet of a school.[2]  (Pre-Sentence Report ("PSR") ¶ 28).  Petitioner contends that, according to *Johnson*, his prior conviction for battery on a law enforcement officer no longer qualifies as a predicate offense for purposes of the career offender enhancement.  *Johnson*, however, has not been applied retroactively to post-conviction relief motions, and therefore provides no relief for Petitioner.[3]   The Government argues that even if Petitioner's prior conviction for battery on a law enforcement officer no longer qualifies as a predicate offense, Petitioner would still qualify as a career offender based on his prior conviction for resisting an officer with violence.  (Civ. Doc. No. 8 at 15).  In support of this argument, the Government relies on *United States v. Beltran*, 367 F. App'x 984 (11th Cir. 2010) (holding that resisting an officer with violence is a

---

[2]Pursuant to U.S.S.G. § 4B1.1, a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant crime; (2) the instant crime is a felony that is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for crimes of violence or controlled substances offenses.  U.S.S.G. § 4B1.1

[3]On June 21, 2010, in *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), the Eleventh Circuit issued an opinion that the petitioner was actually innocent of being a career offender and thus was entitled to habeas relief pursuant to the 28 U.S.C. § 2255 savings clause.  To reach this conclusion, the court found that *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 1583 (2008) (holding that the crime of driving under the influence of alcohol was not a violent felony) and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) (holding that the crime of carrying a concealed firearm is not a "crime of violence" for purposes of the career offender enhancement) are retroactive.  That opinion, however, was vacated when the Eleventh Circuit decided to rehear the case *en banc*.  *Gilbert v. United States*, 2010 U.S. App. LEXIS 233357, at *1-2 (11th Cir. Nov. 3, 2010).  Therefore, *Gilbert* is not currently the law of this Circuit and cannot form the basis for the relief requested.  If the rehearing *en banc* in the *Gilbert* case results in an opinion that affords relief to Petitioner, then Petitioner may file a motion based on that *en banc* opinion.

predicate offense for career offender status). However, on January 10, 2011, the Supreme Court vacated the Eleventh Circuit's decision in *Beltran* and remanded the case for further consideration in light of *Johnson*. *Beltran v. United States*, __U.S.__; 131 S.Ct. 899 (2011).[4]

Additionally, Petitioner contends that he should be re-sentenced in accordance with the Fair Sentencing Act of 2010, which amended the mandatory sentencing for crack cocaine offenses by reducing the disparity in penalties for crimes involving the use of crack and powder cocaine. That law, however, is not retroactive, and therefore, does not provide any relief for Petitioner. *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010). The Fair Sentencing Act of 2010 was enacted four years after Petitioner committed his crimes. At sentencing, the Court properly applied the penalties in place at the time the crimes were committed.

**III.   Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) As to Ground 1 of Petitioner's section 2255 motion, the motion is denied without prejudice. If the rehearing *en banc* in the *Gilbert* case results in an opinion that affords relief to Petitioner, then Petitioner may file a motion based on that *en banc* opinion.

(2) As to Ground 2 of Petitioner's section 2255 motion, the motion is denied with prejudice.

The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case**.**

---

[4]The Court notes that the Government's response was filed on December 16, 2010, before the Supreme Court vacated and remanded the Eleventh Circuit's decision in *Beltran*.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of March, 2011.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of March, 2011.

Copies to:
Counsel of Record
Pro Se Petitioner

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge